IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRANCISCO JAVIER JAYME,
and ALICIA ROJAS JAYME,

    Appellants,

v.                                                      No. 1:18-cv-00675-JCH-KRS

JOE JESSE MONGE,
and ROSANA ELENA MONGE,

    Appellees.

## ORDER DENYING MOTION TO SEAL

**THIS MATTER** comes before the Court on *pro se* Appellants' motion to file their opening brief under seal. (Doc. 29). The reason Appellants say the Court should seal the brief is because it "include[s] and describe[s], a 'Complaint of Misconduct' or Disability against a federal judge," which they believe needs to be investigated, reviewed, and or redacted by the Tenth Circuit's Office of the Chief Executive. (*Id.*, at 1-2). Appellants also wish to protect the "rights, privacy, and professional standing of a federal judge, who may have a disability or be negligent of his duties." (*Id.*) The Court has considered Appellants' motion and concludes Appellants have not carried their burden to overcome the strong presumption in favor of full public access to the courts.

"Courts have long recognized a common-law right of access to judicial records." *Mann v. Boatright*, 477 F.3d 1140, 1149 (10th Cir. 2007). Like many rights, however, access to Court records is not absolute. *Id.* The "presumption of access . . . can be rebutted if countervailing interests heavily outweigh the public interests in access." *Id.* (quoting *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The party seeking to prevent public access to

judicial records "bears the burden of showing some significant interest that outweighs the presumption." *Id.*

The Court recognizes that ethical complaints against judges in this Circuit typically enjoy confidentiality. *See* Rules for Judicial-Conduct and Judicial-Disability Proceedings Rule 23. The problem is, however, that Appellants filed an opening brief in this case, not a complaint with the Circuit Clerk as the Rules require. *See* Rule 7(1) ("[A] complaint against a judge . . . of a bankruptcy court . . . must be filed with the circuit clerk in the jurisdiction in which the subject judge holds office"). From what the Court can discern of the opening brief, the evidence of misconduct amounts to adverse rulings against Appellants. Adverse rulings are usually not actionable misconduct. *See* Rule 11(c)(1)(B).

Outside of the disciplinary context, scant authority exists for sealing documents that allege misconduct when directed at sitting judges. *See* 28 U.S.C. §§ 144 & 455 (governing disqualification of judges). As the Sixth Circuit observed, "[w]e know of no tradition that hearings on motions to disqualify for bias are closed and that all documents pertaining to such motions are sealed." *Applications of Nat'l Broad. Co.*, 828 F.2d 340, 344 (6th Cir. 1987). "To the contrary," the court explained, "such proceedings are usually held in open court[.]" *Id.* In fact, "[w]hen a judge's impartiality is questioned it strengthens the judicial process for the public to be informed of how the issue is approached and decided." *Id.*

In this case, Appellants explain that they previously moved to disqualify the bankruptcy judge. There is no indication that the motion and related documents were sealed in the underlying proceedings, and since the bankruptcy judge denied the motion, it is fair to say that Appellants' allegations—at least in part —were already know and, at this point, within the public domain. There is, therefore, no identifiable countervailing interest that would favor keeping

Appellants' brief sealed. In sum, Appellants have failed to show an entitlement to have their opening brief sealed and the types of allegations they make are well within the scope of those traditionally heard in the open with full public access.

**IT IS, THEREFORE, ORDERED** that Appellants' motion to seal (Doc. 29) is **DENIED**. The Clerk is directed to file Appellants' "Initial Brief" and supporting exhibits as a separate docket entry in the Court's electronic filing system without restriction to access by the public.

_____
KEVIN R. SWEAZEA
UNITED STATES MAGISTRATE JUDGE